**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYNTHIA FRAMPTON, | No. 10-35194 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01400-PK |
| v. | |
| MICHAEL J. ASTRUE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak, Magistrate Judge, Presiding

Submitted November 4, 2010[**]
Portland, Oregon

Before: W. FLETCHER and FISHER, Circuit Judges, and JONES, District
Judge.[***]

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable James P. Jones, United States District Judge for the
Western District of Virginia, sitting by designation.

Cynthia Frampton appeals the district court's judgment affirming the determination of the administrative law judge (ALJ) that Frampton is not disabled and is therefore not entitled to disability insurance benefits. We affirm.

The ALJ did not deny Frampton due process by ending the hearing before Frampton's testimony had concluded and without hearing the testimony of her husband, James Frampton. The ALJ's decision to allot only one hour for the hearing causes some concern, but the ALJ offered to consider a supplemental hearing in Portland and allowed Frampton to submit written testimony in lieu of an additional hearing. Those alternatives afforded Frampton an adequate opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Frampton's due process rights were not violated.

The ALJ's decision to discredit the controverted opinion of treating physician Dr. Kent was based on specific and legitimate reasons that were supported by substantial evidence. *See Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). The ALJ discredited Dr. Kent's opinion based on inconsistencies within his own reports and contradictions between those reports and the evaluations of other examining physicians. Dr. Kent's reports note discrepancies between Frampton's bright, animated affect and her alleged depression. Furthermore, his evaluation of Frampton's depression was inconsistent with the

opinion of examining physician Dr. Clausel.  The inconsistencies noted by the ALJ in discrediting Dr. Kent's opinion were supported by substantial evidence in the record.

In discrediting the testimony of James Frampton, the ALJ offered specific reasons germane to his testimony.  *See Smolen*, 80 F.3d at 1288.  The ALJ found his statements inconsistent with the medical evidence and Cynthia Frampton's occupational history.  She noted that James Frampton's characterization of Cynthia's condition was contradicted both by the opinions of examining physicians and by evidence of her ability to work as a tanning salon attendant and as a flower deliverer.  The cited inconsistencies were supported by substantial evidence in the record, and the ALJ did not improperly discredit James Frampton's testimony.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

We reject Frampton's challenges to the residual functional capacity (RFC) assessment.  The ALJ adequately considered all symptoms arising from Frampton's alleged impairments, even though the ALJ did not mention every impairment by name.  Although she did not explicitly discuss the side effects of Frampton's medications, the ALJ discussed and rejected the more general complaints to which the side effects relate.  Furthermore, she was not required to consider work limitations described by Dr. Kent and James Frampton because she

3

properly discredited each of their opinions. *See Bayliss*, 427 F.3d at 1217. Nor was the ALJ required to consult a medical expert, because the record was well developed and was not ambiguous. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

**AFFIRMED.**